## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| JOSHUA NUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:22-cv-909 |
| | ) | |
| FROST-ARNETT COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, JOSHUA NUTT ("Plaintiff"), through his attorney, Agruss Law Firm, LLC, alleges the following against Defendant, FROST-ARNETT COMPANY ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k and 15 U.S.C. § 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**PARTIES**

6.  Plaintiff is a natural person residing in the City of Killeen, Bell County, State of Texas.

7.  Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

8.  Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

9.  Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

10. Defendant attempted to collect a consumer debt from Plaintiff.

11. Defendant is a collection agency located in the City of Nashville, Davidson County, State of Tennessee.

12. Defendant is a business entity engaged in the collection of debt within the State of Texas.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff, originating with a medical bill.

19. The alleged debt at issue arises from transactions for personal, family, and household purposes.

20. In or around March 2022, Defendant began sending text messages to Plaintiff on Plaintiff's telephone at xxx-xxx-3570, in an attempt to collect the alleged debt.

21. Defendant sends text messages to Plaintiff from 256-448-2877, which is one of Defendant's telephone numbers.

22. On or about March 29, 2022, Defendant sent the following text message to Plaintiff's telephone:

> This message is from Frost-Arnett, a debt collector. Please call 866-846-7852 or visit www.facpayments.com. Reply HELP for info or STOP to end.

23. The telephone number 866-846-7852 belongs to Defendant.

24. Prior to sending the above-mentioned text message, Defendant never received consent to send text messages to Plaintiff.

25. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

26. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

27. Defendant acted with intent to annoy and harass Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

28. Defendant violated the FDCPA based on the following:

    a.  Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, by sending text messages to Plaintiff on Plaintiff's telephone without receiving directly from Plaintiff his prior consent to use his telephone number to communicate with him about the alleged debt;

    b.  Defendant violated § 1692e(10) of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, by sending text messages to Plaintiff on Plaintiff's telephone without receiving directly from Plaintiff his prior consent to use his telephone number to communicate with him about the alleged debt;

    c.  Defendant violated Regulation F of the FDCPA, 12 CFR 1006.6, by sending text messages to Plaintiff on Plaintiff's telephone without receiving directly from Plaintiff his prior consent to use his telephone number to communicate with him about the alleged debt; and

    d.  Defendant violated § 1692(f) of the FDCPA by using fair or unconscionable means in connection with the collection of an alleged debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, JOSHUA NUTT, respectfully requests judgment be entered against Defendant, FROST-ARNETT COMPANY, for the following:

29. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

30. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act,

15 U.S.C. § 1692k; and

31. Any other relief that this Honorable Court deems appropriate.


DATED:  September 2, 2022                    RESPECTFULLY SUBMITTED,

By:_/s/ Michael S. Agruss_____
        Michael S. Agruss
        Agruss Law Firm, LLC
        4809 N. Ravenswood Ave., Suite 419
        Chicago, IL 60640
        Tel: 312-224-4695
        Fax: 312-253-4451
        michael@agrusslawfirm.com
        Attorney for Plaintiff